IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:                                                              Case No.: 17-3091-JCO
LEON TODD, JR., and                                                 Chapter 7
LINDA B. TODD,
      *Debtors*.

MEMORANDUM OPINION
AND ORDER

This matter came before the Court for a hearing on September 25, 2018, on the Debtors'

Motion to Value Homestead and Strip Off Unsecured Mortgage.  (Doc. 37).  The Debtors request

relief under the United States Bankruptcy Code sections 506(a), 522(f), and 1322[1] in addition to

Rule 3012 of the Federal Rules of Bankruptcy Procedure.  No objection to the Motion was filed

by any interested party.  Appearances were as noted on the record.  This Court has jurisdiction to

hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District

Court dated August 25, 2015.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),

and the Court has authority to enter a final order.  Having considered the Motion and the record

before it, the Court finds that the Motion is due to be DENIED for the following reasons.

FACTS AND PROCEEDINGS

The Debtors filed for Chapter 7 relief on August 8, 2017.  This case is a no asset chapter

7 case, thus, no creditors have filed a proof of claim evidencing any debt owed to them by

Debtors.  The Debtors reside at their home on Stroh Road in Spanish Fort, Alabama.  According

to Schedule D, New Horizons has a mortgage secured by the property in the amount of

$72,969.00.  (Doc. 1 at 25).  Bayview Financial Loan (hereinafter "Bayview") has a second

---

[1] In the opening paragraph of Debtors' Motion, they request relief under section 1322 of the
Bankruptcy Code.  This Court treats this request as a typo since this petition was filed under
chapter 7.

mortgage on the property in the amount of $15,141.00. (Doc. 1 at 24). The Debtors claim a homestead exemption in the amount of $1.00. (Doc. 1 at 22). The Debtors assign a value of $84,400.00 to the property, thereby acknowledging $11,031.00 of equity in the property.

In their Motion, the Debtors aver that there is no value with which to secure the claim of Bayview and requests that Bayview's claim be classified as unsecured and that its lien be stripped to the extent that it impairs the Debtors' homestead exemption.

## CONCLUSIONS OF LAW

### Relief Requested Under 11 U.S.C. § 522(f)

Beginning with section 522(f), the Court finds this section inapplicable to the facts at hand. Section 522(f)(1) states that the "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled" if the lien is "a judicial lien . . . or a nonpossessory, nonpurchase-money security interest" in the types of personal property defined therein. The lien is considered to "impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)A).

A plain reading of section 522(f) indicates that there are two types of liens that may be avoided under this subsection: judicial liens and nonpossessory, nonpurchase-money security interest liens. Nonjudicial liens may not be avoided under section 522(f)(1)(A). *In re McCaw,* 2013 WL 1558095, at *2 (Bankr. M.D. Ala. Apr. 12, 2013). It is undisputed that Bayview's lien is a nonjudicial consensual lien, a second mortgage, and therefore cannot be avoided section

522(f)(1)(A).  Therefore, this Court finds that section 522(f) is inapplicable and relief may not be sought under this section of the Bankruptcy Code.

Because a pivotal element of the section 522(f) impairment calculation, a judicial lien, is missing from the present facts, the Court refrains from engaging in any impairment analysis.  To the extent that Debtors requested a continuance of this Motion in order to engage an appraiser to lower the value of the property thereby altering the impairment analysis, such continuance is DENIED.  The work of the appraiser would be futile under the confines of section 522(f).

Relief Requested Under 11 U.S.C. § 506

To the extent that Debtors request relief under section 506(a), this Court likewise finds that such relief is due to be denied.

The Debtors contend that there is no value with which to secure the claim of Bayview and requests that that the claim be allowed as a general unsecured claim for distribution purposes and that Bayview's lien be stripped to the extent it impairs the Debtors' interest in their homestead.  Section 506(a)(1) states:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C.A. § 506 (West).  Section 506(d) states:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless--
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

3

(2) such claim is not an allowed secured claim due only to the failure
of any entity to file a proof of such claim under section 501 of this
title.

The United Sates Supreme Court has addressed the issue of chapter 7 consensual lien stripping, first in 1992 in *Dewsnup v. Timm,* 502 U.S. 410 (1992) and again in 2015 in *Bank of America, N.A., v. Caulkett,* 135 S.Ct. 1995 (2015). In *Dewsnup,* the Supreme Court held that in section 506, the term "secured claim" means "a claim supported by a security interest in property, regardless of whether the value of that property would be sufficient to cover the claim." *Calukett* at 1999 (*citing Dewsnup* at 416). The Supreme Court further held that the term "secured claim" includes any claim secured by a lien and fully allowed pursuant to § 502. *Caulkett* at 1999. Accordingly, and based on the reasoning in *Dewsnup, Caulkett* held that no distinction should be made between liens that are partially or wholly underwater, and thus a "debtor in a chapter 7 bankruptcy proceeding may not avoid a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral."

The United Sates Supreme Court has settled this issue, and the concept of *stare decisis* dictates that this Court is bound by the Supreme Court's interpretation of section 506 of the Bankruptcy Code and therefore has no discretion to reach a different outcome under the same or similar set of facts. *See In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1550 n. 3 (11th Cir. 1990). This Court must apply the holdings in *Caulkett* and *Dewsnup* to the facts of this case, and must conclude that Bayview's consensual second mortgage may not be stripped down and classified as a general unsecured claim. Given this application of the law, the Court finds that Debtors

Motion is due to be and hereby is DENIED.  The hearing that is currently set for November 6, 2018, of this matter is hereby CANCELLED.

Dated:  October 1, 2018

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE